RATHJE & WESEMAN, for plaintiff in error.

EARL J. WALKER, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. PLEADING, § 420*—*when defense held to be abandoned.* In an action by an employee for personal injuries, where defendant, in its original affidavit of merits, set up the provisions of the Workmen's Compensation Act of 1911 as a defense, and plaintiff in reply alleged certain facts showing that he should not be bound by the act, and defendant did not deny the existence of the facts thus alleged, but filed a new affidavit of merits setting up new and different defenses and not mentioning the act as a defense, and the case is tried without reference to that defense, the defense based on the act is abandoned.

2. MASTER AND SERVANT, § 676*—*when evidence supports judgment.* Evidence in an action by a minor employee for personal injuries examined and *held* to support verdict and judgment for plaintiff.

Tony Ianni, Plaintiff in Error, v. Thomas Caros and George Preparas, Defendants in Error.

Gen. No. 20,725. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed with finding of facts. Opinion filed May 11, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Replevin by Tony Ianni, plaintiff, against Thomas Caros and George Preparas, defendants, to recover possession of certain fixtures and furniture.

The following facts, in substance, appear in the certified stenographic report: The fixtures and furniture replevied were contained in a certain shoe-shining parlor in Chicago. Prior to April 22, 1913, one Rozario Dispenza rented the premises and purchased the fixtures and furniture. One Jack Cremo worked for him. On April 22, 1913, Dispenza sold the shoe-shining business and said fixtures and furniture to Cremo for the sum of $750. This transfer was evidenced by a bill of sale, which was recorded on May 5, 1913, in the recorder's office of Cook county, Illinois. Subsequently Cremo sold the business and the fixtures and furniture to plaintiff for the sum of $610. This transfer was also evidenced by a bill of sale, recorded on May 22, 1913. Plaintiff conducted the business on the same premises until some time in the month of June, 1913, when he went to Italy on account of the illness of his mother residing there, and left his business and the furniture and fixtures in charge of Dispenza. Plaintiff testified that when he left Chicago to go to Italy "Cremo was working in the place and Dispenza was running it." Some time after plaintiff left Chicago, the defendants, as first parties, and Dispenza and Cremo, as second parties, signed a written agreement, dated June 10, 1913, whereby said second parties agreed to sell for $375, and the defendants agreed to purchase said shoe-shining parlor and business, and the fixtures, furniture, etc., contained in said parlor. The agreement provided that defendants should pay said second parties $200 cash, and the balance in monthly payments, $50 per month for three months and $25 for the fourth month, and futher provided that said second parties (Dispenza and Cremo) would

guaranty that, "if any one claims title under a bill of sale or otherwise," they would repay to defendants the purchase price. On October 21, 1913, Dispenza and Cremo signed and acknowledged a bill of sale conveying said business, fixtures, furniture, etc., to defendants, and defendants thereafter conducted the business on the same premises. When plaintiff returned to Chicago from Italy in April, 1914, he found the defendant, George Preparas, in charge of the shoe-shining parlor and asked him what he was doing there, and Preparas replied that he and Caros had purchased the place from Dispenza, and requested plaintiff to see Caros. Plaintiff did so and Caros suggested that plaintiff and Caros visit defendants' attorney, Morgan. Plaintiff testified that when they called on Morgan and the situation was explained to him, Morgan said to Caros: "I told you Ianni might come back and make trouble. * * * Now, you have got trouble. * * * I told you not to buy the place." Tony Abinanti, a notary public and a witness for plaintiff, testified that he drafted the bill of sale from Cremo to plaintiff; that he saw plaintiff pay Cremo $610; that after plaintiff had left Chicago he was asked to draw the bill of sale from Dispenza and Cremo to defendants but that he refused; that he heard Morgan, Caros' attorney, advise Caros not to buy the place because someone else had an interest in it; that he told Dispenza that he ought not to sell the property because Ianni might return and then Dispenza might have to give the money back. Plaintiff further testified that he subsequently made a demand on defendants to turn over to him said furniture and fixtures, and that upon defendants' refusal he commenced the present replevin action.

The defendants in their affidavit of merits denied that they unlawfully took or unlawfully detained the property, and alleged that the same was their property, that plaintiff was not the owner or entitled to the possession of the same, and that defendants had

sustained damages in the sum of $200 by reason of the wrongful suing out of the writ. The case was tried before the court without a jury. The court found that the right to the possession of the property replevied was not in the plaintiff and assessed defendants' damages at the sum of one cent, overruled plaintiff's motions for a new trial and in arrest of judgment, and on August 8, 1914, entered judgment upon the finding, adjudging that defendants recover from plaintiff the possession of the property, that a writ of *retorno habendo* issue, and that defendants recover from plaintiff said damages of one cent together with costs. Plaintiff seeks by this writ of error to reverse the judgment.

TONE & CHALLENGER, for plaintiff in error.

JAMES B. HEFFERNAN, for defendants in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. BAILMENT, § 13*—*when bailor's title not affected by sale by bailee.* The sale of a bailment by a mere bailee having no right to sell does not impair the bailor's title.

2. REPLEVIN, § 124*—*when evidence sufficient to establish title.* Evidence examined in action of replevin and *held* sufficient to establish plaintiff's title.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.